IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

**GEORGE STEWART, JR., #47760**                                                  **PLAINTIFF**

**VERSUS**                                     **CIVIL ACTION NO. 5:07-cv-79-DCB-MTP**

**LAWRENCE WALTON, et al.**                                                   **DEFENDANTS**

MEMORANDUM OPINION

Plaintiff Stewart, an inmate of the Mississippi Department of Corrections (MDOC), incarcerated at the Mississippi State Penitentiary, Parchman, Mississippi, filed this complaint pursuant to 42 U.S.C. § 1983. The named defendants are: Lawrence Walton, Unit Manager at Wilkinson County Correctional Facility (WCCF); Earnestine Jackson, Officer at WCCF; Thelma Lindsey, Disciplinary Supervisor at WCCF; and Corrections Corporation of America (CCA), private corporation that operates WCCF.

The Plaintiff contends that he is innocent of the prison rule violation report he received on October 10, 2006, for assaulting another person. The Plaintiff states that the punishment imposed as a result of this guilty finding was administrative segregation and re-classification.[1] Specifically, Plaintiff contends that the inmate he was found guilty of stabbing attacked him first and defendant Jackson was "flat out lying" when she issued the rule violation report, stating that Plaintiff started the altercation. *Resp. [10]*, p.1-2. The

---

[1] MDOC has a custodial classification system based on 4 main designations, with "A" custody affording the most privileges to an inmate and "D" custody providing the least amount of privileges to an inmate. Prisoners in "C" custody are housed in close confinement as opposed to general population. *Mississippi Department of Corrections Inmate Handbook* (Rev.1999), Chapter I, pg. 4-5.

Plaintiff contends that if defendant Walton had moved him to a different location as he had repeatedly requested, this altercation would not have occurred.  As for defendant Lindsey, the Plaintiff alleges that she failed to fully investigate the matter before finding him guilty.  The Plaintiff claims CCA violated his constitutional rights "by hiring people like the above mention[ed] defendants without proper training."  *Resp. [10]*, p.2.  The Plaintiff requests that this Court order the Defendants to expunge the complained of rule violation report from his file and award him monetary damages.  *Comp. [1]*, p.5.

Analysis

The Prison Litigation Reform Act, 28 U.S.C. § 1915(e)(2) (as amended), applies to prisoner proceedings *in forma pauperis* and provides that "the court shall dismiss the case at any time if the court determines that . . .(B) the action or appeal -- (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."  Since the Plaintiff was granted *in forma pauperis* status, Section 1915(e)(2) applies to the instant case.  As discussed below, the Plaintiff's § 1983 action fails to state a claim on which relief may be granted.

It is clear that the Plaintiff does not have a constitutional right to receive a certain custodial classification while incarcerated.  *Meacham v. Fano*, 427 U.S. 215, 96 S.Ct. 2532, 49 L.Ed.2d 451 (1976);  *Neals v. Norwood*, 59 F.3d 530, 533 (5th Cir.1995)(a prison inmate does not have a protectable liberty interest in his custodial classification).  The classification of prisoners in certain custody levels is well within the broad discretion of prison officials and should be "free from judicial intervention."  *McCord v. Maggio*, 910 F.2d 1248, 1250-51

(5th Cir.1990)(citing *Bell v. Wolfish*, 441 U.S. 520, 547, 99 S.Ct. 1861, 1878, 60 L.Ed.2d 447 (1979)("[p]rison officials should be accorded the widest possible deference in the application of policies and practices designed to maintain security and preserve internal order")).

At best, the Plaintiff is asserting that his rights were violated under the Due Process Clause of the United States Constitution. To invoke the protections of the Due Process Clause, the Plaintiff must have a protected liberty interest at stake. In the prison context, a constitutionally protected liberty interest is "limited to freedom from restraint which . . . imposes atypical and significant hardships on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484, 115 S. Ct. 2293, 32 L.Ed. 2d 418 (1995). The classification of the Plaintiff in a certain level of custody is not an "atypical and significant hardship" of prison life. The United States Court of Appeals for the Fifth Circuit applying *Sandin* has held that "administrative segregation, without more, simply does not constitute a deprivation of a constitutionally cognizable liberty interest." *Pichardo v. Kinker*, 73 F.3d 612, 613 (5th Cir. 1996)(quoting *Luken v. Scott*, 71 F.3d 192, 193 (5th Cir.1995). The protections afforded by the Due Process Clause do not extend to "every change in the conditions of confinement" which are adverse to a prisoner. *Madison v. Parker*, 104 F.3d 765, 767-68 (5th Cir. 1997) (inmate's 30 day commissary and cell restrictions as punishment do not present the type of atypical, significant deprivation in which a state might create a liberty interest); *see also Bulger v. United States*, 65 F.3d 48, 50 (5th Cir.1995)(holding that the loss of a prison job did not implicate the prisoner's liberty interest even though the prisoner lost the ability to automatically accrue good-time credits); *see also Davis v.*

*Carlson*, 837 F.2d 1318, 1319 (5th Cir. 1988)(prisoners do not have a constitutional right to contact visits). As such, the Court finds that Plaintiff has failed to state a viable Due Process claim regarding the complained of rule violation report and resulting reduction in his classification level.

It is clear that the Plaintiff does not have a constitutionally protected right to be placed in a certain custody level or general population while in prison, nor does the Plaintiff have a constitutional right to certain privileges while in prison. The defendants decision to place the Plaintiff in a custody level different from the custody level he would choose for himself does not amount to a constitutional violation.

## CONCLUSION

In sum, the Plaintiff does not have a constitutional right to a certain custodial classification level or the privileges associated with certain custody levels while in prison. Therefore, since the Plaintiff has failed to state a claim upon which relief may be granted, this complaint is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), with prejudice.

Since this case is dismissed pursuant to the above-mentioned provision of the Prison Litigation Reform Act, it will be counted as a "strike."[2] If the Plaintiff receives "three strikes" he will be denied *in forma pauperis* status and required to pay the full filing fee to

---

[2] 28 U.S.C. § 1915(g) states "[i]n no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."

file a civil action or appeal.

     A Final Judgment will be entered in accordance with this Memorandum Opinion.

     SO ORDERED this the  4th  day of September, 2007.

                                      s/ David Bramlette
                                UNITED STATES DISTRICT JUDGE